O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ARGUEZ PEREZ,<br><br>                 Petitioner,<br><br>            vs.<br><br>JAMES D. HARTLEY, Warden,<br><br>                 Respondent. | ) Case No. CV 12-3973-CAS (JPR)<br>)<br>)<br>) ORDER DENYING PETITIONER'S<br>) REQUEST TO FILE SECOND AMENDED<br>) PETITION<br>)<br>)<br>) |

     On July 5, 2013, Petitioner filed a request for leave to amend the First Amended Petition, apparently to add back newly exhausted claims that he had previously dismissed.  On July 23, 2013, Respondent filed opposition to Petitioner's request, arguing that the new claims were still unexhausted, were time barred, and did not relate back to the claims in the FAP.  For the following reasons, Petitioner's request to amend the FAP is DENIED.

**I.   Background**

     On February 16, 2012, Petitioner constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for selling, transporting, or offering to sell cocaine base, possession for sale of cocaine base, and related offenses.  On November 29, 2012, the magistrate

1

judge found that the Petition was a "mixed" petition containing
both exhausted and unexhausted claims and ordered Petitioner to
do one of the following: (1) file a request to stay the Petition
pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78, 125 S. Ct.
1528, 1535, 161 L. Ed. 2d 440 (2005), if he could show good cause
for not having earlier exhausted his unexhausted claims; (2)
voluntarily dismiss this action without prejudice; (3)
voluntarily dismiss the unexhausted claims and proceed only on
the exhausted claims; or (4) voluntarily dismiss the unexhausted
claims and move for a stay of the remaining fully exhausted
claims pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003),
<u>overruling on other grounds recognized by</u> <u>Robbins v. Carey</u>, 481
F.3d 1143, 1149 (9th Cir. 2007), while he returned to state court
to exhaust the unexhausted claims.  Petitioner subsequently filed
a motion to stay the proceedings and hold them in abeyance under
<u>Rhines</u>, acknowledging that grounds five through 10 of the FAP –
as the magistrate judge had characterized them in her November 29
Order – were not exhausted but claiming that he had good cause
for not earlier exhausting them because they were based on newly
discovered evidence, his counsel was ineffective, and he was
untrained in the law.

On January 7, 2013, the magistrate judge denied Petitioner's
stay request, finding that he had not shown good cause for not
earlier exhausting his remedies in state court.  The magistrate
judge informed Petitioner that he had the following options for
how to proceed:

    <u>Option 1</u>: Petitioner may request a voluntary dismissal of
    this action without prejudice pursuant to Federal Rule of

2

Civil Procedure 41(a). Petitioner is advised, however, that any dismissed claims may be later subject to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).

Option 2: Petitioner may request voluntary dismissal of his unexhausted claims, numbers five through 10 of the FAP (see Nov. 29, 2012 Order), and elect to proceed only on his exhausted claims. Petitioner is advised, however, that if he elects to proceed with the exhausted claims, any future habeas petition containing the unexhausted claims (presumably filed after they have been presented to and ruled on by the state supreme court) may be rejected as successive.

Option 3: After dismissing his unexhausted claims, Petitioner may move for a stay of the remaining fully exhausted claims, pursuant to [Kelly v. Small], while he returns to state court to continue to exhaust the unexhausted claims. Petitioner is warned, however, that

> [a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles.

King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may amend a new claim into a

3

pending federal habeas petition after the expiration of the limitation period only if the new claim shares a "common core of operative facts" with the claims in the pending petition. <u>Mayle v. Felix</u>, 545 U.S. 644, 659, 125 S. Ct. 2562, 2572, 162 L. Ed. 2d 582 (2005).

On January 16, 2013, Petitioner filed a notice that he chose "option one and option three." Because those options were mutually exclusive, the magistrate judge ordered Petitioner to clarify which option he selected, and on January 30, 2013, Petitioner clarified that he wished to select option three. On February 1, 2013, the magistrate judge granted Petitioner's request to dismiss the unexhausted grounds, five through 10 of the FAP, as outlined in her November 29, 2012 Order and stayed the remaining claims pending Petitioner's exhaustion of his state remedies.

On June 10, 2013, Petitioner attempted to file what appeared to be a Second Amended Petition. On June 25, 2013, the magistrate judge ordered Petitioner to file a motion seeking leave to file the SAP. On July 5, 2013, Petitioner did so. On July 23, 2013, Respondent filed opposition, arguing that leave to amend should be denied because Petitioner's new claims were still unexhausted, were time barred, and did not relate back to the existing claims in the FAP.

Liberally construed, the proposed SAP appears to raise the following claims:[1]

1.   The trial court erred in failing to give an

---

[1]   For clarity, the Court has rearranged the order in which the claims are numbered from that used in the proposed SAP.

aiding-and-abetting instruction (SAP at 3, 6, 11-12, 22, 29-30);

2.    The trial court's initial denial of Petitioner's Pitchess[2] motion violated Petitioner's constitutional rights (SAP at 3-4, 7-9, 12-13, 20);[3]

3.    Petitioner was illegally restrained because no evidence showed that he committed any element of the charged offenses (SAP at 4, 28, 30);

4.    The trial court's failure to give a unanimity instruction violated Petitioner's constitutional right to a unanimous jury verdict (SAP at 21-23, 28);

5.    Petitioner's trial counsel was ineffective because he failed to request an aiding-and-abetting instruction (SAP at 3, 11-12, 15);

6.    Petitioner's constitutional right to confront his accuser was violated in an unspecified way (SAP at 4, 28);

7.    Petitioner's appellate counsel was ineffective in failing to raise on appeal certain unspecified claims (FAP at 15, 28);

8.    Petitioner's trial counsel was ineffective in failing to present evidence and witnesses derived from discovery obtained

---

[2]    Pitchess v. Super. Ct., 11 Cal. 3d 531, 113 Cal. Rptr. 897 (1974) (allowing discovery of internal police files in certain circumstances).

[3]    As the magistrate judge noted in her November 29, 2012 Order interpreting the claims in the FAP, Petitioner repeatedly references "evidence of prosecutorial misconduct" as part of his Pitchess claim (see SAP at 7), but it appears from his allegations that Petitioner is not referring to misconduct by the prosecutor but rather misconduct by the arresting officers, which would be the proper subject of a Pitchess motion.  (See id. (alleging "false arrest and fabrication of evidence").)

1    after the <u>Pitchess</u> hearing on remand (SAP at 20, 28);

2        9.   Petitioner's trial counsel was ineffective in failing

3    to argue to the jury the "charge of possession for sale in double

4    jeopardy" (SAP at 3, 19, 28);

5        10.  Extrinsic evidence was improperly admitted into the

6    jury room during jury deliberations (SAP at 23-24);

7        11.  The court of appeal should have appointed a referee to

8    hold an evidentiary hearing on remand (SAP at 31).

9        Claims one through four appear to be the same as those

10   currently in the FAP.

11   **II.  <u>Petitioner may not have exhausted all the SAP's claims</u>**

12       Under 28 U.S.C. § 2254(b), habeas relief may not be granted

13   unless a petitioner has exhausted the remedies available in state

14   court.[4]  Exhaustion requires that the petitioner's contentions

15   were fairly presented to the state courts, <u>Ybarra v. McDaniel</u>,

16   656 F.3d 984, 991 (9th Cir. 2011), <u>cert. denied</u>, 133 S. Ct. 424

17   (2012), and disposed of on the merits by the highest court of the

18   state, <u>Greene v. Lambert</u>, 288 F.3d 1081, 1086 (9th Cir. 2002).

19   As a matter of comity, a federal court will not entertain a

20   habeas petition unless the petitioner has exhausted the available

21   state judicial remedies on every ground presented in the

22   petition.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198,

23   1203, 71 L. Ed. 2d 379 (1982).

24

25       [4]   A habeas petition "shall not be granted unless it appears
26   that – (A) the applicant has exhausted the remedies available in
     the courts of the State; or (B)(i) there is an absence of available
27   State corrective process; or (ii) circumstances exist that render
     such process ineffective to protect the rights of the applicant."
28   28 U.S.C. § 2254(b)(1).

1  Respondent first argues that the new claims in the SAP are
2  unexhausted because they differ from those raised in Petitioner's
3  most recent supreme court habeas petition.[5] (Opp'n at 6-7.) It
4  appears that pages 1 through 27 of the proposed SAP are identical
5  to pages 1 through 27 of Petitioner's supreme court petition.[6]
6  (<u>Compare</u> SAP at 1-27 <u>with</u> Lodgment 14 at 1-27.) The proposed SAP
7  contains an extra eight pages of argument not included in the
8  supreme court petition, however, and in those pages there appears
9  to be at least one potential new claim. (<u>See</u> Lodgment 14 at 28-
10 35.) But because of the garbled nature of Petitioner's claims,
11 it is difficult to ascertain whether the SAP actually seeks to
12 raise any new claims not raised in the supreme court petition or
13 whether Petitioner has used the extra pages simply to argue that
14 the state courts were wrong in denying his habeas petitions.
15 (<u>See</u> SAP at 28 (asserting that the superior court did not follow
16 "settle law" and its decision "is in error").) Because

17

18  [5]  After his direct appeal, during which he raised grounds
19  one and two of the FAP, and before he filed his federal Petition,
    Petitioner filed a round of state-court habeas petitions raising
20  claims corresponding to grounds three and four of the FAP.
    (Lodgments 8, 10, 12.) In January 2013, when the FAP was pending
21  in this Court, Petitioner returned to state court and filed another
    round of habeas petitions, apparently seeking to exhaust the claims
22  raised in grounds five through 10 of the FAP. (<u>See</u> Nov. 29, 2013
    Order; Lodgments 14-16.)
23

24  [6]  While this case was stayed, Petitioner first sought
    relief from the California Supreme Court (Lodgment 14), and then,
25  after that court denied his claims, he filed petitions in the state
    court of appeal (Lodgment 15) and superior court (Lodgment 16).
26  Petitioner's supreme court and superior court petitions appear
    identical. (<u>See</u> Lodgments 14, 16.) Petitioner's court of appeal
27  petition appears identical to the proposed SAP, including eight
    additional pages of argument not in the two other state petitions.
28  (<u>See</u> SAP at 28-35, Lodgment 15 at 28-35.)

1  Petitioner's claims must have been presented to the state's

2  highest court to be exhausted, <u>see</u> <u>Greene</u>, 288 F.3d at 1086, any

3  claims in those eight pages are necessarily not exhausted and

4  would render the SAP another mixed petition subject to

5  dismissal.[7]   The Court need not resolve this issue, however,

6  because Petitioner's new claims are untimely and thus leave to

7  amend must be denied in any event.

8  **III.  <u>Petitioner is not entitled to tolling of the statute of</u>**

9      **<u>limitations sufficient to render his new claims timely</u>**

10     In presenting Petitioner with the option to dismiss his

11 unexhausted claims and stay the Petition's remaining claims under

12 <u>Kelly</u>, 315 F.3d at 1063, the magistrate judge expressly warned

13 him that he would be able to amend the claims back into his

14 _____

15     [7]   The supreme court denied Petitioner's petition with
16 citations to <u>People v. Duvall</u>, 9 Cal. 4th 464, 474, 37 Cal. Rptr.
   2d 259, 265 (1995), <u>In re Swain</u>, 34 Cal. 2d 300, 304, 209 P.2d 793,
17 796 (1949), <u>In re Waltreus</u>, 62 Cal. 2d 218, 225, 42 Cal. Rptr. 9,
   13 (1965), <u>In re Robbins</u>, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d
18 153, 159 (1998), and <u>In re Clark</u>, 5 Cal. 4th 750, 767-69, 21 Cal.
   Rptr. 2d 509, 519-21 (1993).  (SAP at 48.)  Denials based upon
19 <u>Swain</u> and <u>Duvall</u> indicate that a petitioner has failed to "allege
   with sufficient particularity the facts warranting habeas relief."
20 <u>King v. Roe</u>, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam).
   <u>Waltreus</u> stands for the proposition that a state court will not
21 review habeas claims previously raised and rejected on appeal.  <u>See</u>
   62 Cal. 2d at 225.  <u>Robbins</u> and <u>Clark</u> indicate that the petition
22 was untimely.  <u>See</u> <u>Thorson v. Palmer</u>, 479 F.3d 643, 644-45 (9th
   Cir. 2007).  In general, however, a court may not find a procedural
23 bar when the state court cited numerous cases because it is not
   possible to determine which citations were intended to apply to
24 which claims.  <u>See</u> <u>Washington v. Cambra</u>, 208 F.3d 832, 834 (9th
   Cir. 2000); <u>Calderon v. Bean</u>, 96 F.3d 1126, 1131 (9th Cir. 1996)
25 (finding no procedural default when state supreme court denial
   cited several procedural bars but provided no basis to discern
26 their application to each claim).  In any event, the Court need not
   determine whether Petitioner's claims are exhausted because, as
27 discussed <u>infra</u>, they are untimely.
28

federal petition "only if those claims are determined to be timely," and "demonstrating timeliness will often be problematic under the now-applicable legal principles." (Nov. 29, 2012 Order at 4 (quoting <u>King</u>, 564 F.3d at 1140-41).)  Indeed, the Ninth Circuit has explained the risks of the <u>Kelly</u> procedure in just this type of situation:

> Under <u>Duncan v. Walker</u>, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001), the filing of a petition for federal habeas corpus relief does not toll AEDPA's statute of limitations (unlike an application for state habeas corpus relief, which does).  <u>Id.</u> at 172, 121 S. Ct. 2120.  Additionally, <u>Mayle</u> provides that a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a "common core of operative facts" with the claims in the pending petition, <u>Mayle</u>, 545 U.S. at 659, 125 S. Ct. 2562; a new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction, or sentence." <u>Id.</u> at 662-64, 125 S. Ct. 2562.  Because the <u>Kelly</u> procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal complaint later, the <u>Kelly</u> procedure, unlike the <u>Rhines</u> procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim.  And <u>Duncan</u> and <u>Mayle</u>, taken together, make demonstrating timeliness of claims amended into federal habeas petitions after exhaustion often

1    problematic.

2    <u>King</u>, 564 F.3d at 1141.

3        The Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

4    sets forth a one-year limitation period for filing a federal

5    habeas petition and specifies that the period runs from the

6    latest of the following dates:

7            (A)  the date on which the judgment became final by

8        the conclusion of direct review or the expiration of the

9        time for seeking such review;

10           (B)  the date on which the impediment to filing an

11       application created by State action in violation of the

12       Constitution or laws of the United States is removed, if

13       the applicant was prevented from filing by such State

14       action;

15           (C)  the date on which the constitutional right

16       asserted was initially recognized by the Supreme Court,

17       if the right has been newly recognized by the Supreme

18       Court and made retroactively applicable to cases on

19       collateral review; or

20           (D)  the date on which the factual predicate of the

21       claim or claims presented could have been discovered

22       through the exercise of due diligence.

23   28 U.S.C. § 2244(d)(1).  A court assesses each claim individually

24   to determine its timeliness.  <u>See</u> <u>Mardesich v. Cate</u>, 668 F.3d

25   1164, 1171 (9th Cir. 2012).

26       Petitioner was convicted by a Los Angeles County jury of

27   selling, transporting, or offering to sell cocaine base (Cal.

28   Health & Safety Code § 11352(a)) and possession for sale of

cocaine base (id. § 11351.5); the jury also found true various

sentence enhancements. (Lodgment 1, Clerk's Tr. at 130-31, 135-

36.) On December 24, 2008, Petitioner was sentenced to 12 years

and four months in state prison. (Id. at 136-38, 141-42.) He

appealed his conviction and sentence, arguing that the trial

court erred in instructing the jury and in failing to conduct an

in camera review of evidence in connection with Petitioner's

Pitchess motion; on January 19, 2010, the court of appeal

affirmed the judgment in part, conditionally reversed it in part,

and remanded to the trial court to conduct the Pitchess in camera

hearing. (Lodgment 2.) Petitioner filed a petition for review

in the California Supreme Court as to his instructional-error

claims; on March 24, 2010, the supreme court denied review.

(Lodgments 3, 4.) On remand, the trial court conducted the in

camera hearing and ordered the production of several items of

evidence to the defense. (Lodgment 5, Rep.'s Tr. at 1202.)

Petitioner's trial counsel spent several months investigating the

new evidence but ultimately concluded that it would not have led

him to present any additional witnesses or evidence at trial.

(Id. at 1202-05.) On September 7, 2010, the trial court

reinstated Petitioner's sentence. (Lodgment 6, Clerk's Tr. at

12-15.) Petitioner thereafter appealed again, and on May 18,

2011, the court of appeal affirmed the judgment. (Lodgment 7.)

Petitioner did not file a petition for review in the proceedings

after remand.

Because he did not do so, his conviction became final on

June 27, 2011, 40 days after the California Court of Appeal filed

its opinion, on May 18, 2011. See (Lodgment 7); Cal. R. Ct.

11

8.500(e); <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th Cir. 2008).
The statute of limitations commenced running the next day, <u>see</u>
<u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (under
Fed. R. Civ. P. 6(a), limitation period begins day after
triggering event), and, absent tolling, expired on June 26, 2012,
<u>see</u> § 2244(d)(1)(A).[8]

AEDPA includes a statutory tolling provision that suspends
the limitation period for the time during which a "properly
filed" application for postconviction or other collateral review
is pending in state court. § 2244(d)(2); <u>see</u> <u>Waldrip</u>, 548 F.3d
at 734. An application is "pending" until it has achieved final
resolution through the state's postconviction procedures. <u>Carey</u>
<u>v. Saffold</u>, 536 U.S. 214, 220, 122 S. Ct. 2134, 2138, 153 L. Ed.
2d 260 (2002). In California, a state habeas petition remains
pending between a lower court's denial of it and the filing of a
habeas petition in a higher state court, as long as that period
is "reasonable." <u>Evans v. Chavis</u>, 546 U.S. 189, 191-92, 126 S.
Ct. 846, 849, 163 L. Ed. 2d 684 (2006). Periods of up to 60 days
are generally presumptively reasonable. <u>Cf.</u> <u>id.</u> at 201 (holding
that unexplained six-month delay is unreasonable compared to
"short[er] periods of time," such as 30 to 60 days, "that most
States provide for filing an appeal to the state supreme court"
(internal quotation marks and alterations omitted)). Unlike the

---

[8]   Petitioner is not entitled to a later trigger date under
§ 2241(d)(1)(D). As the magistrate judge found in her January 7,
2013 Order denying Petitioner's request to stay the Petition under
<u>Rhines</u>, Petitioner's claims are based on facts Petitioner knew at
the time of his trial and direct appeal, and his assertions to the
contrary were conclusory and unfounded.

1   filing of a state habeas petition, the filing of a federal habeas
2   petition does not toll AEDPA's statute of limitations.  Duncan v.
3   Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 2124, 150 L. Ed. 2d
4   251 (2001).

5       Petitioner constructively filed a petition in the Los
6   Angeles County Superior Court on May 26, 2011,[9] raising claims
7   corresponding to grounds three and four of the FAP, and the court
8   denied it on June 17, 2011.  (Lodgments 8, 9.)  Petitioner then
9   constructively filed a habeas petition in the California Court of
10  Appeal on June 29, 2011, raising the same claims.  (Lodgment 10.)
11  The court of appeal denied Petitioner's petition on July 21,
12  2011.  (Lodgment 11.)  On August 15, 2011, Petitioner
13  constructively filed a habeas petition raising the same claims in
14  the California Supreme Court, which denied it on January 4, 2012.
15  (Lodgments 12, 13.)

16      Respondent asserts that Petitioner's 2011 superior court
17  habeas petition did not toll the statute of limitations because
18  it was denied as untimely.  (See Opp'n to Mot. at 10 n.5;
19  Lodgment 9.)  Indeed, an untimely petition is not "properly
20  filed" and does not toll the statute of limitations.  See Thorson
21  v. Palmer, 479 F.3d at 643, 645-46 (9th Cir. 2007).  Because
22  Petitioner filed that petition before his judgment was final and

23

24      [9]    Under the "mailbox rule," a pro se prisoner's habeas
25  petition is deemed filed on the date he delivers it to prison
    authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276,
26  108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); see also Roberts
    v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a
27  prisoner gives prison authorities a habeas petition or other
    pleading to mail to court, the court deems the petition
28  constructively 'filed' on the date it is signed.").

1  the statute had begun to run, it had little effect on the

2  limitation period, as explained below.  Thus, even giving

3  Petitioner the benefit of the doubt and assuming that the

4  superior court petition did toll the statute, Petitioner's new

5  claims are nonetheless untimely.

6       Assuming his first set of state petitions were properly

7  filed, Petitioner is entitled to statutory tolling of the time

8  they were pending in state court and to gap tolling of the

9  periods between those petitions because the gaps were less than

10  60 days.  See § 2244(d)(2); Waldrip, 548 F.3d at 734; Evans, 546

11  U.S. at 191-92.  Applying all possible statutory tolling, the

12  statute of limitations ran for one day between the time his

13  judgment became final, on June 27, 2011, and when he filed his

14  first court of appeal petition, on June 29.  It did not begin

15  running again until January 5, 2012, the day after the supreme

16  court denied Petitioner's first petition in that court.  It

17  expired 364 days later, on January 3, 2013.  The statute could

18  not have been further tolled during Petitioner's second round of

19  state habeas petitions because he did not constructively file the

20  first of those until January 11, 2013, a week after the statute

21  had already expired.[10]  State petitions filed after expiration of

22  the limitation period do not toll the statute.  See Ferguson v.

23  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Petitioner did not

24

25       [10]   Although ignorance of the law cannot in any event toll

26  the one-year AEDPA limitation period, see Rasberry v. Garcia, 448
    F.3d 1150, 1154 (9th Cir. 2006), the magistrate judge's November

27  29, 2012 Order – issued more than a month before the expiration of
    the limitation period – alerted Petitioner to the need to return to

28  state court as soon as possible.

14

seek to amend the FAP until at the earliest June 10, 2013, six
months after the limitation period had expired.  Thus,
Petitioner's new claims are untimely unless some basis for
equitable tolling exists.  See Holland v. Florida, 560 U.S. __,
130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).

Determining whether equitable tolling is warranted is a
fact-specific inquiry.  Frye v. Hickman, 273 F.3d 1144, 1146 (9th
Cir. 2001).  The petitioner must show that (1) he has been
pursuing his rights diligently and (2) some extraordinary
circumstance stood in his way and prevented timely filing.
Holland, 130 S. Ct. at 2562.  In addition, "[t]he petitioner must
show that 'the extraordinary circumstances were the cause of his
untimeliness and that the extraordinary circumstances made it
impossible to file a petition on time.'"  Porter v. Ollison, 620
F.3d 952, 959 (9th Cir. 2010) (citation omitted).  "Equitable
tolling is justified in few cases," and "the threshold necessary
to trigger equitable tolling under AEDPA is very high, lest the
exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796,
799 (9th Cir. 2003) (alterations omitted).

Petitioner does not appear to be entitled to equitable
tolling for any reason.  In his proposed SAP, Petitioner asserts
that "some extraordinary circumstance stood in his way" because
"Petitioner don't speak any English." (SAP at 5, 6.)  Equitable
tolling may be justified if language barriers actually prevent
timely filing, but "a non-English-speaking petitioner seeking
equitable tolling must, at a minimum, demonstrate that during the
running of the AEDPA time limitation, he was unable, despite
diligent efforts, to procure either legal materials in his own

15

language or translation assistance from an inmate, library
personnel, or other source." Mendoza v. Carey, 449 F.3d 1065,
1069-70 (9th Cir. 2006); see also Diaz v. Kelly, 515 F.3d 149,
154 (2d Cir. 2008) ("[T]he diligence requirement of equitable
tolling imposes on the prisoner a substantial obligation to make
all reasonable efforts to obtain assistance to mitigate his
language difficulty."). Petitioner has not even attempted to
make this required showing. Indeed, he was able to file three
state-court habeas petitions in 2011 and the federal Petition and
First Amended Petition in 2012. Petitioner has not shown why he
could not have earlier raised his new claims in state court. To
the extent Petitioner argues that he only recently discovered
them, that argument is unavailing because, as the magistrate
judge found in her January 7, 2013 Order, they all involve either
ineffective assistance of trial or appellate counsel or other
alleged errors that occurred during Petitioner's trial or on
direct appeal. Thus, each of Petitioner's unexhausted claims is
based on information that was or should have been known to him
before his first round of state habeas petitions.

Petitioner's new claims are therefore untimely unless they
relate back to the claims in the pending FAP.

**IV.** **Petitioner's new claims do not "relate back" to the claims
in the FAP**

Petitioner may amend a new claim into a pending federal
habeas petition "after the statute of limitations has run" only
if the new claim shares a "common core of operative facts" with
the claims in the pending petition. Mayle, 545 U.S. at 655, 659;
see also id. at 662 ("A prisoner should not be able to assert a

16

1  claim otherwise barred by the statute of limitations merely
2  because he asserted a separate claim within the limitations
3  period." (quoting <u>United States v. Duffus</u>, 174 F.3d 333, 338 (3d
4  Cir. 1999)); <u>Schneider v. McDaniel</u>, 674 F.3d 1144, 1151-52 (9th
5  Cir.) (finding that because new claim did not relate back to any
6  pending claims, district court properly dismissed it as
7  untimely), <u>cert. denied</u>, 133 S. Ct. 579 (2012).  Here,
8  Petitioner's new claims do not share a common core of operative
9  facts with any of the claims in the FAP, and the new claims are
10 therefore time barred.
11     As the Court construes them, <u>see</u> <u>supra</u> at 4-6, the pending
12 claims in the FAP allege that (1) the trial court erred in
13 failing to give an aiding-and-abetting instruction (FAP at 3,
14 10-12, 23); (2) the trial court's initial denial of Petitioner's
15 <u>Pitchess</u> motion violated Petitioner's constitutional rights (FAP
16 at 3-4, 8-9, 13, 20); (3) Petitioner was illegally restrained
17 because no evidence showed that he committed any element of the
18 charged offenses (FAP at 4, 8, 30); and (4) the trial court's
19 failure to give a unanimity instruction violated Petitioner's
20 constitutional right to a unanimous jury verdict (FAP at 12,
21 21-23).  Petitioner's new claims allege that trial counsel was
22 ineffective in failing to (5) request an aiding and abetting
23 instruction, (8) present evidence derived from the <u>Pitchess</u>
24 discovery after remand, and (9) argue that Petitioner's
25 prosecution violated double jeopardy (SAP at 3, 11-12, 15, 19-20,
26 28); (6) Petitioner's constitutional right to confront his
27 accuser was violated in an unspecified way (SAP at 4, 28); (7)
28 appellate counsel was ineffective in unspecified ways (SAP at 15,

17

28); (10) extrinsic evidence was improperly admitted into the jury room during jury deliberations (SAP at 23-24); and (11) the court of appeal should have appointed a referee to hold an evidentiary hearing on remand (SAP at 31).

None of the currently pending claims in the FAP allege ineffective assistance of counsel, nor do they have anything to do with prosecutorial misconduct, juror misconduct, Petitioner's right to confront witnesses, or any alleged errors by the court of appeal.  Thus, the new claims cannot arise from a "common core of operative facts" as the original claims.  See Mayle, 545 U.S. at 664; Schneider, 674 F.3d at 1151 (holding that claim that trial court erred in denying motion to sever did not arise from common core of operative facts as claim that trial counsel was ineffective in failing to investigate or timely file motion to sever).  Petitioner's new claims are therefore untimely, and Petitioner's motion to file the SAP must be denied.

///
///
///
///
///
///
///
///
///
///
///
///

**V.    Conclusion**

     For the foregoing reasons, Petitioner's request for leave to amend the FAP is DENIED.  Respondent is ordered to file an Answer to the currently pending claims in the FAP, grounds one through four as described herein and in the magistrate judge's November 29, 2012 Order, within 21 days of the date of this Order. Petitioner shall have 30 days from the date of Respondent's Answer to file a reply.  The matter will stand submitted for decision at that time.

DATED: August 14, 2013

CHRISTINA A. SNYDER
U.S. DISTRICT JUDGE

Presented by:

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE